

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-17-2007

# O'Connell v. Johnson

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2001

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"O'Connell v. Johnson" (2007). *2007 Decisions.* Paper 569.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/569

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-313                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-2001
_____

WARREN O'CONNELL,

Appellant

v.

JOHN BARRY JOHNSON, Superintendent,
SCI Pine Grove, in his individual and official capacities;
GEORGE PATRICK, Superintendent at SCI
Houtzdale in his individual and official capacities;
JEFFREY BEARD, Secretary of Corrections, in his
individual and official capacities

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 05-cv-00163)
District Judge:  Honorable David S. Cercone
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
July 26, 2007

Before:  MCKEE, FUENTES AND VAN ANTWERPEN, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed August 17, 2007)

_____

OPINION
_____

PER CURIAM

Warren O'Connell appeals the District Court's order granting appellees' motion to dismiss his civil rights complaint. The procedural history of this case and the details of O'Connell's claims are well-known to the parties, set forth in the District Court's opinion, and need not be discussed at length. Briefly, O'Connell alleged that his criminal sentence was vacated for a period of time and that appellees forced him to work in the prison kitchen and deducted money from his prison account for restitution during that time. He argued that this violated his constitutional rights under the Eighth, Thirteenth, and Fourteenth Amendments. The District Court granted appellees' motion to dismiss. O'Connell filed a timely notice of appeal, and we have jurisdiction under 28 U.S.C. § 1291.

On July 23, 2001, O'Connell was sentenced to three to seven years in prison after pleading guilty in the Court of Common Pleas of Philadelphia to criminal conspiracy, corrupt organizations, burglary, and possession of an instrument of crime. After filing a notice of appeal, O'Connell filed a motion for reconsideration of the sentence. The trial court granted a hearing and vacated the sentence pending disposition of the motion for reconsideration. After a "tortured procedural history," the Superior Court of Pennsylvania held that the trial court did not have jurisdiction to entertain the post-trial motion and erred in vacating the sentence.

In Tourscher v. McCullough, 184 F.3d 236 (3d Cir. 1999), Tourscher alleged that he was forced to work after his conviction was vacated by the Superior Court of

2

Pennsylvania. We held that "a duly convicted prisoner continues in that status until his or her appeal becomes final even if it results in a reversal of the conviction." Id. at 240. Thus, Tourscher did not revert to being a pretrial detainee until the Supreme Court of Pennsylvania denied the Commonwealth's petition for allowance of appeal. Here, the Superior Court held that the trial court lacked jurisdiction to vacate O'Connell's sentence. Thus, O'Connell was a duly convicted prisoner during the time period at issue and his claim under the Thirteenth Amendment fails.

O'Connell also alleged that the trial court stated at sentencing that deductions were not to be made while he was incarcerated but rather when he was on probation or parole. However, he has not submitted any order from the sentencing court directing that restitution be delayed until his release from prison. Because O'Connell was a duly convicted prisoner during the time period at issue and Pennsylvania law authorized the Department of Corrections to make deductions from inmate accounts for restitution payments, see 42 Pa.C.S. § 9728(b)(5), appellees did not violate O'Connell's constitutional rights.

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order. See Third Circuit I.O.P. 10.6.

3